# IN THE SUPREME COURT OF THE STATE OF NEVADA

SILVER STATE SCHOOLS CREDIT
UNION, A NEVADA CORPORATION,
Appellant,
vs.
OELLA RIDGE TRUST,
Respondent.

No. 76382

**FILED**

JUL 1 1 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court judgment in a quiet title action. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge.[1]

Respondent Oella Ridge Trust purchased the subject property at the HOA's lien foreclosure sale and then filed the underlying quiet title action. Appellant Silver State Schools Credit Union (SSCU) opposed the action and asserted counterclaims for wrongful foreclosure and quiet title. Following a bench trial, the district court entered judgment in favor of Oella Ridge. In so doing, the district court found that in the 9 months preceding the HOA's notice of lien, the homeowners had paid an amount equal to 12 months of common assessments, and the HOA's lien notice consisted of interest, late and collection fees, and CC&R fines, only. Relying on *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Community. Bancorp, Inc.*, 132 Nev. 49, 366 P.3d 1105 (2016), the court nevertheless concluded that the foreclosure sale extinguished SSCU's deed of trust because, by the time the HOA recorded a notice of default and election sell, the homeowners had

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-29534

fallen behind on assessments, such that the lien foreclosed upon contained a superpriority component. SSCU appeals from that decision.

Having considered the parties' arguments and the record, we conclude that the district court's determination that the HOA foreclosure sale extinguished the first deed of trust was legally erroneous. *See Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). In particular, substantial evidence in the record supports the district court's finding that the HOA's notice of delinquent assessments was for interest, late and collection fees, and fines, only, and the homeowners owed no past-due assessments at that time. Pursuant to controlling statutes and case law, the HOA's lien therefore lacked a superpriority component such that the district court erred by concluding that the ensuing foreclosure sale extinguished SSCU's deed of trust. *See* NRS 116.3116(2) (2009) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due . . . during the 9 months immediately *preceding* institution of an action to enforce the lien" (emphasis added)); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien); *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 371, 373 P.3d 66, 72 (2016) ("[T]he superpriority lien granted by NRS 116.3116(2) does not include an amount for collection fees and foreclosure costs incurred; rather it is limited to an

amount equal to the common expense assessments due during the nine months before foreclosure.").[2]

Accordingly, the district court erred in determining that the foreclosure sale extinguished the first deed of trust.[3] We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Gloria Sturman, District Judge
        Kolesar & Leatham, Chtd.
        Kerry P. Faughnan
        Eighth District Court Clerk

---

[2]As the district court observed, unless paid, assessments continue to accrue after an HOA records a notice of delinquent assessment lien, *see Shadow Wood*, 132 Nev. at 61, 366 P.3d at 1113. Here, however, there were no delinquent assessments at the time the HOA recorded and served its lien notice, and in order for a lien to be afforded superpriority status, it must include assessments that are unpaid *before* the lien notice is served. NRS 116.3116(2)(2009); *see Saticoy Bay* 133 Nev. at 26, 388 P.3d at 231.

[3]As SSCU's deed of trust was not extinguished by the HOA foreclosure sale, we need not address SSCU's other appellate arguments for reversal.